UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GERARDO ENRIQUE TORRES-COLON, Defendant. | Case No. 1:18-cr-00003-BLW **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Gerardo Torres-Colon's unopposed pro se request for an order returning certain physical property to him. *See* Dkt. 63. For the reasons explained below, the Court will deem the motion moot, in part. Otherwise, the Court will grant the motion to the extent the government is in possession of the requested items.

## DISCUSSION

In April 2018, Mr. Torres-Colon pleaded guilty to conspiracy to possess and pass counterfeit currency. He also admitted to the forfeiture allegation in the indictment. In July, the Court sentenced the defendant to 10 months' incarceration and two years' supervised release. In February 2019, the Court transferred

MEMORANDUM DECISION AND ORDER - 1

jurisdiction of this case to the District of Puerto Rico, where the defendant is being supervised. Before the transfer, however, and while he was still incarcerated, the Defendant asked the Court to order that the following property be returned to him:

(1) Rolex Watch

(2) Yellow-gold 14k neck chain;

(3) US passport; and

(4) Wallet containing "my Banco Popular ATM/Debit Card."

*July 31, 2018 Letter*, Dkt. 63.

The government did not respond to this motion. Recently, Court staff informally reached out to counsel to determine if this motion still required a ruling. Government counsel indicated that in August 2018, a case agent met with defense counsel, Paul Riggins, to return property. Mr. Riggins reports that the agent returned a passport and a wallet with credit cards, but he does not show that the government returned the Rolex or the gold chain.

Under these circumstances, the Court will order the government to return the watch and gold chain to defendant if those items are in its possession. If the government does not have possession of these items, the government will be directed to file a formal response to the motion, which shall include information regarding these items, including, without limitation: (1) the whereabouts of these

items, if known to the government; and (2) why these items have not been returned to the defendant.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Request for Return of Property (Dkt. 73) is **DEEMED MOOT** as to the wallet and passport.

2. Otherwise, the request is **GRANTED** to the following extent:

   a. if the government has possession of the watch and chain referenced in the motion, it shall return those items to defendant.

   b. If the government is not in possession of these items, it shall file a response as directed above.

DATED: December 23, 2020

_____
B. Lynn Winmill
U.S. District Court Judge